```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  6/25/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
GERARDO PEREZ,

                              Plaintiff,

          -against-

TRINITY SCHOOL REALTY HOLDING
CORPORATION, JOHN ALLMAN and ALEXIS
MULVIHILL,

                            Defendants.
-------------------------------------------------------------- X

24-CV-544(VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

       WHEREAS on June 20, 2025, the parties appeared before the Court for a discovery conference to address several disputes raised by Plaintiff, including whether redactions to certain investigation documents marked Attorneys' Eyes Only, *see* Dkts. 54-1–54-4 (the "Investigation Documents") — a designation to which Plaintiff's counsel agreed, *see* Dkt. 45 — should be lifted to allow Plaintiff to review them in advance of Rule 30(b)(6) depositions of Defendants and to attend those depositions;

       WHEREAS at the conference, counsel for Defendants represented that while witnesses' identities and other identifying details were redacted, their statements were not redacted; Defendants later clarified that statements were in fact redacted where those statements conveyed the identities of witnesses, *see* Dkt. 51;

       WHEREAS the Court ordered Defendants to provide the Court with the Investigation Documents in both redacted and unredacted form, *see* Order, Dkt. 49;

WHEREAS the unredacted versions of the Investigation Documents were filed *ex parte* and under seal, and Defendants later represented that *ex parte* filing was not intentional, *see* Dkts. 52, 54;

WHEREAS in general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1);

WHEREAS the Court finds that the redactions Defendants have applied to the Investigation Documents are overbroad, including notes that reflect statements Plaintiff made regarding his alleged mistreatment, *see* Dkt. 54-1 at 5–6;

WHEREAS the redacted statements are likely relevant to Plaintiff's discrimination claim as well as Defendants' position pertaining to the adequacy of the internal investigation conducted; and

WHEREAS, however, Plaintiff's counsel agreed to the Attorneys' Eyes Only designation and did not timely object to the redacted portions of the Investigation Documents, *see* Dkt. 45;

IT IS HEREBY ORDERED that by **Monday, June 30, 2025**, Defendants must produce to Plaintiff versions of the Investigation Documents with fewer redactions.  Defendants are permitted to redact the names, initials, and contact information, including email addresses and phone numbers, of non-parties to this action.  Although the Court is sensitive to Defendants' desire to keep the identities of non-parties confidential, the Court is concerned that withholding the substance of the statements they made would unduly prejudice Plaintiff in the prosecution of this action.

IT IS FURTHER ORDERED that to the extent either party seeks to reveal any non-parties' name during the upcoming depositions, Plaintiff is not permitted to attend those portions

of the depositions. The Court expects the parties to coordinate in a collegial manner to coordinate Plaintiff's attendance at the depositions.

    IT IS FURTHER ORDERED that the Clerk of Court is respectfully directed to modify the viewing restrictions at Dkt. 52 to restrict viewing to the Court and the parties.

**SO ORDERED.**

Date: **June 25, 2025**
       **New York, New York**

                                             **VALERIE CAPRONI**
                                             **United States District Judge**